UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL MARQUIS MAXEY,<br><br>       Petitioner,<br><br>  v.<br><br>PEOPLE OF THE STATE OF CALIFORNIA,<br><br>       Respondent. | Case No.: 1:15-cv-01803-JLT<br><br>ORDER REQUIRING PETITIONER TO AMEND PETITION TO NAME PROPER RESPONDENT<br><br>THIRTY DAY DEADLINE |

In this action, it appears Petitioner raises a challenge his 2013 convictions related to inflicting corporal injury on a spouse/cohabitant and assault likely to cause great bodily injury. (Doc. 1 at 1) However, he has failed to name a proper respondent. Thus, the Court will require Plaintiff to amend his complaint to do so.

**A.**    **Procedural Grounds for Summary Dismissal.**

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. A petition for habeas corpus should not be dismissed

1  without leave to amend unless it appears that no tenable claim for relief can be pleaded were such
2  leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

**B.     Failure to Name A Proper Respondent.**

A petitioner seeking habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition.  Rule 2 (a) of the Rules Governing § 2254 Cases; Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  Normally, the person having custody of an incarcerated petitioner is the warden of the prison in which the petitioner is incarcerated because the warden has "day-to-day control over" the petitioner. Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992); see also, Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).  However, the chief officer in charge of state penal institutions is also appropriate. Ortiz, 81 F.3d at 894; Stanley, 21 F.3d at 360.  Where a petitioner is on probation or parole, the proper respondent is his probation or parole officer and the official in charge of the parole or probation agency or state correctional agency. Id.

Here, Petitioner has named as Respondent "the People of the State of California."  However, "the People of the State of California" is not the warden or chief officer of the institution where Petitioner is confined and, thus, does not have day-to-day control over Petitioner.  Petitioner is confined at the California Substance abuse and Treatment Facility in Corcoran, California.  The current warden of that facility is Stuart Sherman.  This is the person Petitioner should name as Respondent.

Petitioner's failure to name a proper respondent requires dismissal of his habeas petition for lack of jurisdiction. Stanley, 21 F.3d at 360;  Olson v. California Adult Auth., 423 F.2d 1326, 1326 (9th Cir. 1970); see also, Billiteri v. United States Bd. Of Parole, 541 F.2d 938, 948 (2nd Cir. 1976). **However, the Court will give Petitioner the opportunity to cure this defect by amending the petition to name a proper respondent, such as the warden of his facility**. See West v. Louisiana, 478 F.2d 1026, 1029 (5th Cir.1973), *vacated in part on other grounds*, 510 F.2d 363 (5th Cir.1975) (en banc) (allowing petitioner to amend petition to name proper respondent); Ashley v. State of Washington, 394 F.2d 125 (9th Cir. 1968) (same).

**In the interests of judicial economy, Petitioner *need not* file an amended petition.  Instead, Petitioner can satisfy this deficiency in his petition by filing a motion entitled "Motion to Amend the Petition to Name a Proper Respondent" wherein Petitioner may name the proper respondent in this action.**  Accordingly, the Court **ORDERS**:

1. Petitioner is **GRANTED** 30 days to file a motion to amend the petition to name a proper respondent.

**<u>Petitioner is forewarned that his failure to comply with this Order may result in an Order of Dismissal or a Recommendation that the petition be dismissed pursuant to Local Rule 110.</u>**

IT IS SO ORDERED.

   Dated:   **December 4, 2015**                    **/s/ Jennifer L. Thurston**
                                           UNITED STATES MAGISTRATE JUDGE